## C. S. MORSE v. G. A. NAGRIS AND ANOTHER.[1]

February 5, 1932.

No. 28,690.

*Catherwood, Hughes & Alderson,* for appellant.
*Wright, Nelson & Plunkett,* for respondents.

LORING, J.

In an action to recover the balance of the purchase price of an electrically operated player piano the defendants had a directed verdict. The plaintiff has appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

In the fall of 1922 the defendants negotiated by mail for the purchase of the piano from the plaintiff, who sent to the defendants his proposed contract covering the transaction. By the terms of the contract which the defendants signed they ordered the instrument at the agreed price of $1,800, to be paid as taken from the cash box of the instrument, which was to receive the coins deposited by defendants' customers to cause it to play. The contract provided that the piano should be installed in the place of business of the defendants in the city of Austin in this state, where it was expected that the patrons of defendants' business would in the course of time

[1]Reported in 240 N. W. 899.

deposit sufficient coins to pay for the machine. The contract provided that the instrument should not be removed from the designated place without the written consent of the plaintiff; that in case the instrument did not earn one per cent of the purchase price per month, or in case of the defendants' failure to comply with any clause of the agreement, the plaintiff had the power to declare the full unpaid purchase price due and take possession of the instrument wherever found. There was also a provision that if the defendants failed or refused to deliver the instrument upon demand of the plaintiff after failure to comply with any clause of the agreement, or after failure of the instrument to earn the minimum provided, defendants should at the election of the plaintiff pay the balance of the purchase price forthwith. It was further provided that acceptance of a less sum for any one or more months should not constitute a waiver of the right to require the minimum. This contract was sent to defendants with a letter which amongst other things stated:

"You do not obligate yourself to pay us a penny, but, of course, we reserve the right to take the piano back if it does not show some earnings each month. We put this very low—about one per cent of the price of the instrument per month. If the piano does not take in that much, it would not pay either of us, but this should never happen in a good town if you will do your part and we are sure that you will."

The letter terminated with a request that defendants make "a trial to back up our statements without it costing you a cent." Obviously the letter modified the contract in regard to the option of the plaintiff to take advantage of the provision in the contract permitting him to declare the full amount of unpaid purchase price due in the event that the instrument did not earn one per cent a month. But did it modify the provision of the contract which required the defendants to leave the machine at the place where it was installed in their place of business at Austin? The defendants retained the piano in their place of business for approximately six years, during which it earned about one-third of the purchase price.

It fell short of earning the minimum required by the contract, and defendants wrote to plaintiff stating that the earnings were unsatisfactory to them and requesting that the piano be removed. The plaintiff responded that it would endeavor to place the piano elsewhere but that in the meantime the defendants should keep the piano in operation in their place of business as required by the contract. He suggested that they endeavor to find someone who would take the piano on the same terms that they had it. The defendants refused to keep the piano any longer in their place of business and had it removed and placed in storage. Storage charges accrued. The plaintiff advised the defendants that this was a violation of their contract but expressed a willingness to cancel the contract if the defendants would pay the accrued storage, box the piano, and place it on the cars without expense to the plaintiff. Again the defendants refused to accept this proposition, and the plaintiff brought suit under the terms of his contract for the balance of about $1,100 remaining unpaid.

The defendants assert that the letter should be construed as an interpretation of the contract and that under no circumstances were the defendants obligated to pay anything. The plaintiff on the other hand takes the position that even if the letter is to be construed as a part of the contract it does not relieve the defendants of the obligation to pay in case of a violation by them of the provisions of the contract.

Defendants also claim that there is ambiguity in the contract relative to the rights of the defendants in case the piano does not earn the minimum. We find no provision in the contract or in the letter which gives the defendants any right to terminate the relationship because of the failure of the piano to earn the fixed minimum. An option is given plaintiff to declare the full amount of the unpaid purchase price to be due in case of failure to earn the minimum. We think this provision of the contract is modified by the assurance in the letter that the defendants do not obligate themselves to pay a penny, but that the plaintiff reserves the right to take the piano back if it does not show the minimum earnings. There is a like option in favor of the plaintiff in case the defendants

violate any of the provisions of the contract. The provision that the instrument shall be kept in an advantageous place in the defendants' place of business is of course very material from the standpoint of the earnings, all of which were to be turned over to the plaintiff until the full price was paid. So long as the plaintiff was satisfied to accept the small earnings without exercising the rights reserved to itself in both the letter and in the contract, the defendants were bound by the contract to keep it in service. After six years they could hardly claim the instrument was still on trial. The contract was one of purchase. The piano was to belong to the defendants when its earnings paid for it. The title remained in the plaintiff to secure the payment of the purchase price. The removal of the piano from the defendants' place of business and subjecting it to a charge for storage may have been a conversion. That question is not here. It was a substantial violation of the contract, which gave the plaintiff a right to exercise his option to declare the full unpaid purchase price due. It is quite true that the letter accompanying the contract assured the defendants that they did not obligate themselves for a penny. If they lived up to the terms of their contract as modified by the letter, they were not obligated; but the assurance of the letter did not relieve them from fulfilling the obligations of their contract in regard to continuing the instrument in place, nor did it annul the remedies provided therein in the event of their failure to comply with other terms of the contract. To hold otherwise would be to hold in effect that the letter constituted the entire contract. That would be just as unfair as a holding that the formal contract should not be modified by the letter.

There is no evidence in the record which justifies the trial court's action directing a verdict in behalf of the defendants. As the record stands the plaintiff is entitled to recover the amount of his unpaid balance of the purchase price. Inasmuch as the negotiations were in writing and undisputed, we see no reason for a new trial.

The order appealed from is reversed and the case remanded with directions to enter judgment for the plaintiff.